**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LETTERVA RIES,**

        **Plaintiff,**                              **Case No.:**

**v.**

**TRUECORE BEHAVIORAL**
**SOLUTIONS, LLC,**

        **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, LETTERVA RIES, by and through his undersigned counsel and sues the Defendant, TRUECORE BEHAVIORAL SOLUTIONS, LLC (hereinafter referred to as "TRUECORE " or "Defendant") and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

**PARTIES**

3. Defendant, TRUECORE, is a Foreign Limited Liability Corporation authorized and doing business in this Judicial District. At all times material, Defendant operated and managed the Polk Halfway House, which provides detention and rehabilitation services for youth.

4. Plaintiff, LETTERVA RIES, is a resident of Polk County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Age Discrimination in Employment Act and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, LETTERVA RIES, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on July 25, 2019. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

10. On August 19, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff is 54 years old.

13. On or about June 12, 2006, Plaintiff began her employment with Defendant as a Youth Care Worker I, working at Polk Juvenile Correctional. In or around 2008, Plaintiff t to Palmetto Youth Academy and later received a promotion to a supervisory position. In or around 2011, Plaintiff transferred to Polk Halfway House where she remained until the conclusion of her employment with Defendant.

14. In or around May 2018, Plaintiff was promoted to the position of Shift Supervisor, which she held until the end of her employment with Defendant.

15. Plaintiff performed her job well for Defendant. Her performance reviews met or exceeded yearly goals. Additionally, Plaintiff earned bonuses and was promoted during her employment with Defendant.

16. In or around October 2018, Antwan Coles (Assistant Facility Administrator) became Plaintiff's supervisor.

17. After becoming Plaintiff's supervisor, Coles began treating Plaintiff and other employees over the age of forty (40) less favorably than the younger employees.

18. For example, Coles made multiple comments about older employees and his preference for younger employees. Those comments include, but are not limited to:

(a) repeatedly referring to Plaintiff and other older workers as "old eggs";

    (b)    referring to Plaintiff's co-worker as "too old";

    (c)    bragging about getting the older staff out of the facility;

    (d)    discussed his plan of getting rid of older workers and replacing them with "fresh blood";

    (e)    stating to one of Plaintiff's co-workers: "if you're too old for this, you need to go.

19. In addition, Joseph L. Seeber (Facility Administrator), made age-based comments in the workplace. The comments include, but are not limited to: referring to Plaintiff and other employees as "too old" and referring to Plaintiff's co-worker as an "older guy."

20. Furthermore, Coles began terminating employees over the age of forty (40) or forcing them to resign.

21. In or around February 2019, Plaintiff objected to Coles' directive to work her shift with an inappropriate staff-to-youth ratio. Prior to her scheduled shift, after learning about staff-to-youth ratio concerns, Plaintiff called Coles and objected to the improper staff-to-youth ratio and discussed a security alert with a youth who threatened to run away. Coles told Plaintiff that he was going to do what his supervisor told him to do. Plaintiff objected again and Coles directed Plaintiff to contact Anna Bennett (Human Resources). Plaintiff complied, contacted Bennett, explained the situation, and objected to the improper staff-to-youth ratio. Bennett said that she understood Plaintiff's frustration, but denied telling Coles that Defendant could be out of ratio. Bennett further informed Plaintiff that she would call and talk to Coles about the ratio issue. When Plaintiff arrived for the start of her scheduled shift, she learned from the prior shift's supervisor (Christopher Howard) that the "hold over" employee was staying so they would be in ratio. Howard told Plaintiff that the additional

employee was staying on because Plaintiff called Bennett and objected to Defendant being out of ratio.

22. After Plaintiff's objection to the illegal activity, Coles began retaliating against Plaintiff. For example, Coles arbitrarily reassigned Plaintiff's scheduled work shift, requiring Plaintiff to work on her usual days off.

23. In or around February 2019, after objecting to the illegal activity, Plaintiff was falsely accused by Coles of misplacing the facility keys and issued a written warning. Other than the receipt of this written warning, Plaintiff never received any type of disciplinary action during her thirteen (13) years of employment with Defendant.

24. Ultimately, it was learned that another staff member had the keys in their possession. Plaintiff protested the written warning for what is perceived a minor infraction, but the written warning was not rescinded.

25. Plaintiff has personal knowledge that other staff members accidently left the facility with the keys, but did not receive disciplinary action.

26. On May 16, 2019, at the end of Plaintiff's shift, Plaintiff was terminated by Coles in the presences of Seeber. Human Resources was not present in Plaintiff's termination meeting.

27. At the termination meeting, Coles falsely accused Plaintiff of failing to perform a simulated fire drill in May 2019 and intentionally documenting the incorrect hour on the fire drill. The accusations made by Coles are false. The simulated fire drill, which is routine procedure in the facility, was performed. Moreover, other staff members engaged in the simulated drill and signed the form indicating the same.

28. There are cameras in the facility to show the date and time that the fire drill occurred, along with the staff members present. However, Plaintiff was not allowed to view the cameras and was not provided with the original document to prove that Plaintiff completed the fire drill.

29. Plaintiff was replaced by a substantially younger individual.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT—DISCRIMINATION

30. Plaintiff, LETTERVA RIES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

31. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act and was qualified for her job with Defendant.

32. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. Specifically, Defendant terminated Plaintiff's employment because of her age.

33. Defendant knew or should have known of the discrimination.

34. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional and willful.

35. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

36. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, LETTERVA RIES, demands a trial by jury and judgment against Defendant, TRUECORE BEHAVIORAL SOLUTIONS, LLC, for:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Injunctive relief;

    f.    Attorneys' fees and cost;

    g.    For any other relief this Court deems just and equitable.

## COUNT II
## FLORIDA CIVIL RIGHTS ACT – AGE DISCRIMINATION

37.    Plaintiff, LETTERVA RIES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

38.    Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

39.    Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

40.    Plaintiff was a member of a protected class under the FCRA and was qualified for her job with Defendant.

41.    By the conduct described above, Defendant has engaged in unlawful employment practices and discriminated against Plaintiff because of Plaintiff's age. Specifically, Defendant discriminated against Plaintiff by terminating Plaintiff's employment with Defendant.

42. The above described acts of age discrimination constitute a violation of the Florida Civil Rights Act, for which Defendant is liable.

43. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

44. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

45. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, LETTERVA RIESE prays for the following damages against Defendant, TRUECORE BEHAVIORAL SOLUTIONS, LLC:

   a. Back pay and benefits;

   b. Prejudgment interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

   e. Punitive damages;

   f. Attorneys' fees and costs;

   g. Injunctive relief; and

   h. For any other relief this Court deems just and equitable.

## COUNT III
### FLORIDA'S PRIVATE WHISTLEBLOWER'S ACT

46. Plaintiff, LETTERVA RIES, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-nine (29).

47. This is an action for damages pursuant to Florida's Private Whistleblower's Act ("FWA"), §§ 448.101-105, *Florida Statutes*.

48. Plaintiff was an employee of Defendant under the FWA because Plaintiff performed services for and under the control and direction of Defendant for wages or other remuneration.

49. Defendant was Plaintiff's employer under the FWA because Defendant is a private individual, firm, partnership, institution, corporation, or association that employs ten (10) or more persons.

50. Defendant took a prohibited retaliatory personnel action against Plaintiff, in violation of §448.102(3), *Florida Statutes*, because Plaintiff objected to, or refused to participate in, an activity, policy, or practice of Defendant which is in violation of a law, rule, or regulation or that Plaintiff had an honest, good-faith belief was in violation of a law, rule, or regulation. Specifically, Plaintiff objected to and/or refused to participate in violations of federal and Florida law, including, but not limited to: 28 C.F.R. 115.13 and 115.313 and, as a result, was disciplined, scheduled to work outside of her normal work hours, and terminated from her employment.

51. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including, but not limited to: lost wages, benefits, and other remuneration, emotional pain and suffering and other compensatory damages and is requesting all available relief to which Plaintiff is entitled as set forth in the WHEREFORE clause below.

52. As a result of Defendant's 'unlawful acts, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes*.

WHEREFORE, Plaintiff demands judgment against Defendant and prays for the following relief:

    a.    Injunction to restrain continued violations of the Act;

    b.    Reinstatement to the same or an equivalent position;

    c.    Reinstatement of fringe benefits and seniority rights;

    d.    Lost wages;

    e.    Lost benefits;

    f.    Other remuneration;

    g.    Attorneys' fees and costs; and

    h.    Any other compensatory damages allowable at law.

## DEMAND FOR JURY TRIAL

53. Plaintiff, LETTERVA RIES, demands a trial by jury on all issues so triable.

**DATED** this 14th day of November 2019.

        **FLORIN GRAY BOUZAS OWENS, LLC**

        */s/ Gregory A. Owens*
        **GREGORY A. OWENS, ESQUIRE**
        Florida Bar No.: 51366
        greg@fgbolaw.com
        **WOLFGANG M. FLORIN, ESQUIRE**
        Florida Bar No.: 907804
        wolfgang@fgbolaw.com
        16524 Pointe Village Drive
        Suite 100
        Lutz, Florida 33558
        (727) 254-5255
        (727) 483-7942 (fax)
        *Trial Attorneys for Plaintiff*